

1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL DOUGLAS TAYLOR,              Civil No.    14cv2190 LAB (BLM)
     CDCR #E-85025,
12                                         **ORDER:**
                              Plaintiff,
13                                         **(1) GRANTING PLAINTIFF'S
14                                         MOTION TO PROCEED
                                           IN FORMA PAUPERIS**
15                vs.                      **(ECF Doc. No. 2)**

16                                         **AND**

17   C. TAYLOR, Correctional Counselor I;  **(2)  SUA SPONTE DISMISSING
     K. SMITH, Correctional Counselor II;  COMPLAINT FOR FAILING TO
18   CALIFORNIA DEP'T OF                    STATE A CLAIM AND FOR
     CORRECTIONS AND                        SEEKING MONEY DAMAGES
19   REHABILITATION; JOHN DOES 1           AGAINST IMMUNE
     THROUGH 10; JANE DOES 1               DEFENDANT PURSUANT TO 28
20   THROUGH 10,                           U.S.C. §§ 1915(e)(2) AND
                                           1915A(b)**
21                            Defendants.

22

23

24        Michael Douglas Taylor ("Plaintiff"), currently incarcerated at Richard J. Donovan

25   Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed

26   this civil action rights action.

27   //

28   //

1   Plaintiff has not prepaid the civil filing and administrative fees required by 28

2   U.S.C. § 1914(a); instead, he has submitted a Motion to Proceed In Forma Pauperis

3   ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

4   **I.   PLAINTIFF'S MOTION TO PROCEED IFP**

5   All parties instituting any civil action, suit or proceeding in a district court of the

6   United States, except an application for writ of habeas corpus, must pay a filing fee. *See*

7   28 U.S.C. § 1914(a).[1]  An action may proceed despite the plaintiff's failure to prepay the

8   entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  See

9   Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a

10  prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay

11  the entire fee in installments, regardless of whether his action is ultimately dismissed.

12  *See* 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir.

13  2002).

14  Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

15  ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy

16  of the trust fund account statement (or institutional equivalent) for . . . the six-month

17  period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2);

18  Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account

19  statement, the Court must assess an initial payment of 20% of (a) the average monthly

20  deposits in the account for the past six months, or (b) the average monthly balance in the

21  account for the past six months, whichever is greater, unless the prisoner has no assets.

22  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of

23  the prisoner must collect subsequent payments, assessed at 20% of the preceding

24  month's income, in any month in which the prisoner's account exceeds $10, and forward

25  / /

26  _____

27  [1] In addition to the $350 statutory fee, all parties filing civil actions *on or after May 1, 2013*, must pay an additional administrative fee of $50.  See 28 U.S.C. § 1914(a), (b); Judicial

28  Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. Id.

those payments to the Court until the entire filing fee is paid.  <u>See</u> 28 U.S.C. § 1915(b)(2).

In support of his IFP application, Plaintiff has submitted the certified copies of his trust account statements required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. <u>Andrews</u>, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statements, as well as the certificate of funds in his trust account at RJD verifying his account history and available balances.  Plaintiff's statements show an available balance of zero in his account at the time it was submitted to the Court for filing.  Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

However, the Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect the $350 filing fee required by 28 U.S.C. § 1914(a) and forward it in installments to the Court pursuant 28 U.S.C. § 1915(b)(1) and the directions set forth below.  <u>See</u> 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); <u>Taylor</u>, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

**II.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)**

Notwithstanding IFP status or the payment of any filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  <u>See</u> 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions

thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Thus, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." Id.

## A.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) / /

1    that the deprivation was committed by a person acting under color of state law." Tsao
2    v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

3        **B.    Improper Defendant**

4        As an initial matter, the Court finds that to the extent Plaintiff names the California
5    Department of Corrections and Rehabilitation ("CDCR") as a Defendant, his claims must
6    be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for
7    failing to state a claim and for seeking damages against a defendant who is immune.  The
8    State of California's Department of Corrections and Rehabilitation and any state prison,
9    like RJD, correctional agency, sub-division, or department under its jurisdiction, are not
10   "persons" subject to suit under § 1983.  Hale v. State of Arizona, 993 F.2d 1387, 1398-
11   99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state,
12   and thus, not a "person" within the meaning of § 1983.  And if by naming the CDCR as
13   a party, Plaintiff really seeks to sue the State of California itself, his claims are clearly
14   barred by the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978)
15   (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of
16   Corrections is barred by the Eleventh Amendment, unless [the State] has consented to
17   the filing of such a suit.").

18       Therefore, to the extent Plaintiff seeks monetary damages against the CDCR, or
19   any relief against the State of California itself, his Complaint is dismissed pursuant to 28
20   U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1) & (2).

21       **C.    Inadequate Medical Care Claims**

22       Plaintiff seeks to hold his correctional counselors liable in this action because he
23   alleges that they attempted to transfer him to a different prison, which he claims
24   interfered with his medical treatment.   See Compl. at 23-26.

25       As to his medical care claims, only "deliberate indifference to a serious illness or
26   injury states a cause of action under § 1983."  Estelle v. Gamble, 429 U.S. 97, 105
27   (1976).  First, Plaintiff must allege a "serious medical need" by demonstrating that
28   "failure to treat [his] condition could result in further significant injury or the

'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing Estelle, 429 U.S. at 104). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." Id. at 1059-60.

Here, Plaintiff contends he suffers from a serious heart condition. See Compl. at 7. Thus, the Court will assume, for purposes of screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, that he has a serious medical need.   However, even assuming Plaintiff's medical condition and/or pain was sufficiently objectively serious to invoke Eighth Amendment protection, he must also include in his pleading enough factual content to show that Defendant Taylor's and Defendant Smith's actions were "deliberately indifferent" to his needs. " McGuckin, 974 F.2d at 1060; see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "This second prong–defendant's response to the need was deliberately indifferent–is satisfied by showing (a) a purposeful act or failure to respond to [the] prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," and claims of medical malpractice or negligence are insufficient to establish a constitutional deprivation. Simmons v. Navajo County, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004)).

As currently pleaded, Plaintiff's Complaint alleges that Defendants recommended Plaintiff for a transfer from RJD to another prison.  Plaintiff alleges that this transfer would have interfered with his medical treatment.  However, Plaintiff also concedes that the transfer never took place and he remains at RJD.[2]

/ /

---

[2] Plaintiff's current place of incarceration remains RJD. See http://inmatelocator.cdcr.ca.gov/ (last visited Sept. 24, 2014.)

"Deliberate indifference" is evidenced only when a prisoner can show that the official he seeks to hold liable "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Specifically, Plaintiff must allege "factual content," Iqbal, 556 U.S. at 678, which demonstrates "(a) a purposeful act or failure to respond to [his] pain or possible medical need, and (b) harm caused by the indifference." Wilhelm v. Rotman, 680 F.3d 1113, 1122 ((9th Cir. 2012) (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Here, while Plaintiff alleges that some of his medication and treatment was discontinued, he alleges that this was the decision of doctors who are not parties to this action. There are no allegations that either Defendant Taylor or Defendant Smith played any role in the decisions made by Plaintiff's treating physicians in their recommended course of action.  While Plaintiff may not have agreed with the treatment provided by his physicians, his disagreement, without more does not provide sufficient "factual content" to plausibly suggest that either Taylor or Smith acted with deliberate indifference. Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it ask for more than the sheer possibility that a defendant has acted unlawfully,"). "A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23.  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing

1  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)) (internal quotation marks

2  omitted).

3       Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment

4  inadequate medical care claim against either Defendant Taylor or Smith, and that these

5  claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  See

6  Lopez, 203 F.3d at 1126-27; Resnick, 213 F.3d at 446.

7       **D.**    **Conspiracy claims**

8       It appears that Plaintiff is attempting to allege a conspiracy claim.  See Compl. at

9  31.  However, Plaintiff has failed to state a claim upon which relief can be granted

10  pursuant to 42 U.S.C. § 1985(3).  Under § 1985(3), "a complaint must allege (1) a

11  conspiracy, (2) to deprive any person or a class of persons of the equal protection of the

12  laws, or of equal privileges and immunities under the laws, (3) an act by one of the

13  conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage

14  or a deprivation of any right or privilege of a citizen of the United States."  Id.  Here,

15  Plaintiff's Complaint contains no facts to plausibly suggest the existence of any "meeting

16  of the minds" between the named defendants to violate his rights; nor does it allege he

17  was denied adequate medical care based on any "racial, or perhaps otherwise class-based,

18  invidiously discriminatory animus." RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045,

19  1056 (9th Cir. 2002).  Therefore, Plaintiff has also failed to state a claim upon which

20  1985(3) relief may be granted.

21       Because Plaintiff is proceeding pro se, however, the Court having now provided

22  him with "notice of the deficiencies in his complaint," will also grant him an opportunity

23  to "effectively" amend.  See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing

24  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)).

25  **III.**  **CONCLUSION AND ORDER**

26       Good cause appearing, **IT IS HEREBY ORDERED** that:

27       1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF

28  Doc. No. 2) is **GRANTED**.

2.     The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is entered into the Court's docket in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

Should Plaintiff fail to file an Amended Complaint within the time provided, the Court shall enter a final Order dismissing this civil  action without prejudice  based on

/ /

/ /

/ /

/ /

1  Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C.

2  § 1915(e)(2) and § 1915A(b).

3

4  DATED:  September 25, 2014

5

6  **HONORABLE LARRY ALAN BURNS**
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28